# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01934

KENNETH SCHMIDT,

    Plaintiff(s),

v.

JAMES SUSCHINSKY
and
Does 1-10, whose true names are unknown,

---

### COMPLAINT FOR BREACH OF CONTRACT AND JURY DEMAND

Kenneth Schmidt ("Plaintiff"), through counsel, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.

2. Plaintiff is an individual, Kenneth Schmidt, and is a citizen of the state of California.

3. Defendant is an individual, James Suschinsky, and is a citizen of the state of Colorado ("Defendant").

1

4. Here, the amount in controversy is One-Hundred and Two Thousand Dollars ($102,000.00), not counting interest, and costs of court.

## THE PARTIES

5. Plaintiff, Kenneth Schmidt, a California citizen resides at 14720 Raritan Dr. Whittier, California 90604.

6. Defendant, James Suschinsky, a Colorado citizen resides at 292 W Palomar Circle, Pueblo West, Colorado 81007.

7. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") are other parties not yet identified who are liable under the claims, have contributed to the breach of Defendant, or have engaged in one or more of wrongful practices alleged herein.

## FIRST CLAIM FOR RELIEF

(Breach of Contract and Covenant of Good Faith and Fair Dealing)

8. At all times relevant to this litigation, Defendant was in a written contractual relationship ("Contract") with Plaintiff and owed a duty to Plaintiff to act in good faith and deal fairly with him.

9. Plaintiff performed all obligations under the Contract and complied with the contract's terms.

10. Defendant did not fulfill his obligations under the Contract.

11. Defendant breached his duties on more than one occasion by wrongfully converting, taking, utilizing, or managing property, and financial interests of Plaintiff.

12. Such acts and omission leading to the Defendant's breach of his contractual duties to Plaintiff and a breach of his duty to deal in good faith and fairly with Plaintiff and were the actual and proximate cause of harm to Plaintiff.

13. Defendant's conduct was outrageous, with his acts being done with malice or bad motives or reckless indifference to the interests of Plaintiff.

14. Defendant is liable in damages to Plaintiff in excess of One-Hundred and Two Thousand Dollars ($102,000.00).

## SECOND CLAIM FOR RELIEF

(Unjust Enrichment)

15. Plaintiff hereby restates and realleges and the allegations set forth in the preceding paragraphs and incorporates them by reference.

16. At all times relevant to this litigation, Defendant owed a legal duty to Plaintiff to not unfairly or unduly take advantage of Plaintiff or commit wrongful acts in order to unjustly enrich himself at Plaintiff's expense or at the expense of Plaintiff's or financial interests.

17. Defendant unjustly enriched herself by wrongfully converting, taking, utilizing, or managing the property and financial interest of Plaintiff.

18. Such acts and omissions leading to the Defendant's unjust enrichment were the actual and proximate cause of harm to Plaintiff.

19. Accordingly, Defendant is liable in damages to Plaintiff in excess of One-Hundred and Two Thousand Dollars ($102,000.00), arising out of Defendant's unjust enrichment.

## THIRD CLAIM FOR RELIEF

(Conversion)

20. Plaintiff hereby restates and realleges and the allegations set forth in the preceding paragraphs and incorporates them by reference.

21. At all times relevant to this litigation, Defendant owed a duty not to convert Plaintiff's property to Plaintiff's own use and benefit.

22. Defendant breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Plaintiff.

23. Accordingly, Defendant is liable in damages to Plaintiff in excess of One-Hundred and Two Thousand Dollars ($102,000.00).

## FOURTH CLAIM FOR RELIEF

(Fraud)

24. Plaintiff hereby restates and realleges and the allegations set forth in the preceding paragraphs and incorporates them by reference.

25. At all times relevant to this litigation, Defendant owed a duty to Plaintiff to not fraudulently obtain Plaintiff's property.

26. Defendant acted fraudulently by entering into the Contract with Plaintiff with the knowledge that the basis of the contract, i.e. the purported investment opportunity represented by Defendant in the Contract, did not exist, and with the knowledge that Plaintiff would not ever receive a return on his investment.

27. Defendant knew that the representations made in the Contract were false when it was made or made the representation recklessly and without regard for the truth.

28. Defendant intended for Plaintiff rely on the representations.

29. Plaintiff reasonably relied on Defendant's representations.

30. Plaintiff was harmed.

31. Defendant breached his duty to not fraudulently obtain Plaintiff's property and that breach was the actual and proximate cause of harm to Plaintiff.

32. Accordingly, Defendant is liable in damages to Plaintiff in excess of One-Hundred and Two Thousand Dollars ($102,000.00).

## FIFTH CLAIM OR RELIEF

(Punitive Damages)

33. Plaintiff hereby restates and realleges and the allegations set forth in the preceding paragraphs and incorporates them by reference.

34. At all times relevant to this litigation, Defendant owed a duty to Plaintiff to act with due care and regard for Plaintiff's property, and financial interests.

35. Defendant breached that duty of due care on more than one occasion and such breaches constitute outrageous conduct and reckless disregard of the rights and interests of Plaintiff.

36. Defendant's outrageous conduct towards Plaintiff was done with malice or bad motives or reckless indifference to Plaintiff's interests.

37. Accordingly, Defendant is liable for punitive damages to Plaintiff in excess of thirty-thousand dollars, the exact amount to be proven at trial.

## JURY DEMAND

38. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement as follows against all Defendants and with respect to each claim for relief:

a. That Plaintiff be awarded the amount payable under the Contract, One-Hundred and Two Thousand Dollars ($102,000.00);

b. That Plaintiff be awarded pre-judgment interest as allowed by law;

c. That Plaintiff be awarded attorney's fees pursuant to the Contract;

d. That Plaintiff be awarded punitive damages of not less than thirty thousand dollars;

e. That Plaintiff be awarded such further relief as the Court deems proper.

s/ Justin Hamilton Cross
Justin Hamilton Cross
HamiltonCross, P.C.
177 E. Colorado, Blvd. Suite 200
Pasadena, CA 91105
Telephone: (213) 927-9273
E-mail: justin@hamiltoncross.net
Attorney for Plaintiff, Kenneth Schmidt