# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-01934-NYW-MDB

KENNETH SCHMIDT,

    Plaintiff,
v.

JAMES SUSCHINSKY, and
DOES 1–10,

    Defendants.

---

## ORDER

---

Pending before the Court is the Motion for Entry of Default Judgment for a Sum Certain (the "Motion" or "Motion for Default Judgment"), [Doc. 18], in which Plaintiff Kenneth Schmidt ("Plaintiff") requests that this Court enter default judgment against Defendant James Suschinsky ("Defendant" or "Mr. Suschinsky") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is respectfully **DENIED without prejudice**.

## BACKGROUND

At some undefined point, Plaintiff and Defendant had a written contractual relationship regarding a "purported investment opportunity." [Doc. 2 at ¶¶ 8, 26]. The Complaint lacks any additional temporal or contextual detail regarding the nature of the Parties' contract. *See generally* [*id*.]. Even so, Plaintiff's Complaint asserts claims for breach of contract, unjust enrichment, conversion, fraud, and punitive damages against

Defendant. [*Id.* at ¶¶ 8–37]. In the Complaint's Prayer for Relief, Plaintiff seeks an award of $102,000.00, as the "amount payable under the Contract," plus interest, [*id.* at 6 ¶¶ (a)–(b)]; attorney's fees "pursuant to the Contract," [*id.* at 6 ¶ (c)]; and punitive damages of "not less than thirty thousand dollars," [*id.* at 6 ¶ (d)].

Plaintiff initiated this matter on August 2, 2023. *See generally* [*id.*]. In the summons request submitted by Plaintiff, [Doc. 8], and the summons issued by the Clerk of Court, [Doc. 9], Defendant's address is listed as 292 W. Palomar Circle, Pueblo West, Colorado 81007 (the "Pueblo West address"). On October 25, 2023, Plaintiff filed an executed summons purporting to demonstrate service upon Defendant James Suschinsky. [Doc. 13]. The proof of service indicated that a process server delivered the summons to Monica Minx ("Ms. Minx"), who identified herself as Defendant's "spouse [or] co-resident," at a residence located at 760 Chris Court, Canon City, Colorado 81212 (the "Canon City address"), on October 7, 2023. [*Id.* at 1].

On December 10, 2023, Plaintiff requested that the Clerk of Court enter default against Mr. Suschinsky pursuant to Federal Rule of Civil Procedure 55(a). [Doc. 15]. Plaintiff's counsel submitted an affidavit in support of Plaintiff's Motion for Entry of Clerk's Default, averring that copies of the summons and Complaint were served on October 7, 2023—as purportedly demonstrated by the proof of service filed on the docket and attached as an exhibit to the Motion for Entry of Clerk's Default—and that Defendant had failed to timely appear or otherwise defend. [Doc. 15-3 at ¶¶ 6–7]. The Clerk of Court entered default on December 11, 2023, [Doc. 16], and Plaintiff subsequently moved for default judgment against Defendant, [Doc. 18].

2

**LEGAL STANDARD**

Default judgment may be entered against a party who fails to appear or otherwise defend.  Fed. R. Civ. P. 55.  To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55:  "[F]irst, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hosp., Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011).  A defendant who has defaulted is deemed to have admitted the factual allegations of the complaint as true as well as the undisputed facts alleged in affidavits and exhibits.  *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009); *see also Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

As to the second step, this Court must, as a threshold matter, determine whether it possesses jurisdiction over a given action.  If the Court lacks jurisdiction—either subject matter jurisdiction over the action, or personal jurisdiction over Defendant—default judgment cannot enter.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant." (quotation omitted)); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (cleaned up)).

3

If the Court indeed has jurisdiction over the matter and the Parties, it then must consider whether the well-pleaded factual allegations in Plaintiff's Complaint, [Doc. 2], and any attendant affidavits or exhibits, *see, e.g.*, [Doc. 18-1], support judgment on Plaintiff's breach of contract claim against Defendant, *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Magic Carpet Ski Lifts, Inc. v. S&A Co.*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. June 8, 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (quotation omitted)).[1] And, while modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain under Rule 55(b)(1), the plaintiff must show the following by affidavit: (1) that the party in default is not a minor or an incompetent person, is not in military service, and has not made an appearance, *see* D.C.COLO.LCivR 55.1(a)(1); and (2) that the sum is certain or can be made certain by computation, *see* D.C.COLO.LCivR 55.1(a)(2). Whether to enter default judgment is a decision "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted).

---

[1] The Court notes that Plaintiff's Complaint asserts five claims for relief, whereas the caption of the docket entry associated with the instant Motion refers to a "Motion for Entry of Default *as to breach of contract*." *Compare* [Doc. 2], *with* [Doc. 18]. This qualification, however, does not appear anywhere else on the record. Ultimately, this issue is nonconsequential given the Court's denial of the Motion for Default Judgment.

## ANALYSIS

### I. Subject Matter Jurisdiction

Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) based on complete diversity of the Parties and the amount in controversy exceeding $75,000. [Doc. 2 at ¶¶ 1–6]. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For purposes of diversity, Plaintiff and Defendant take on the citizenship of their respective states of domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Based on the averments that Plaintiff is a citizen of California who resides at 14720 Raritan Dr., Whittier, California, [Doc. 2 at ¶¶ 2, 5], and Defendant is a citizen of Colorado who resides at 292 W. Palomar Circle, Pueblo West, Colorado, [*id.* at ¶¶ 3, 6], this Court finds that Plaintiff and Defendant are citizens of California and Colorado, respectively. Thus, complete diversity exists. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."). As to the amount in controversy, Plaintiff alleges that the amount in controversy is $102,000, thus exceeding the $75,000 threshold. [Doc. 2 at ¶ 4; Doc. 18-1]. Accordingly, based on the record before it, the Court finds that it has subject matter jurisdiction over this action. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

### II. Personal Jurisdiction

The entry of default judgment in a civil action requires personal jurisdiction over the defaulting defendant. *Marcus Food*, 671 F.3d at 1166 ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant."). However, service of

process is a procedural prerequisite to the exercise of personal jurisdiction over a defendant. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."). Thus, the Court must first address the adequacy of service of process.

As previously discussed, the Complaint identifies Mr. Suschinsky as an individual who resides at the Pueblo West address. [Doc. 2 at ¶ 6]. Service of individuals is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e)(2) contemplates three ways in which a plaintiff may serve process on an individual located within the United States: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1) provides an alternative means of service by "following state law for serving a summons in an action brought in courts of general jurisdiction" in the forum state. Fed. R. Civ. P. 4(e)(1).

Colorado, the forum state in this case, authorizes service of a natural person above the age of eighteen by (1) serving the individual personally; (2) delivering a copy of the summons and complaint to the individual's authorized representative; (3) leaving a copy

6

of the summons and complaint "at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family;" or (4) "at the person's usual workplace . . . ."  Colo. R. Civ. P. 4(e)(1).

Here, Plaintiff has not adequately established service of process on Defendant under any method contemplated by Rule 4(e).  The proof of service indicates that the process server

> left the summons at the individual's residence or usual place of abode with Monica Minx, a person of suitable age and discretion who resides at **760 CHRIS CT, CANON CITY, CO 81212**, on **10/07/2023 at 2:13 PM**, and mailed a copy to the individual's last known address.

[Doc. 13 at 1].  It also indicates that Ms. Minx identified herself as Mr. Suschinsky's "spouse [or] co-resident," and "appeared to be a . . . female contact."  [*Id.* (emphasis omitted)].  According to the process server, Ms. Minx "confirmed" her identity by "stating [her] name," and "accepted service [on Defendant's behalf] with direct delivery."  [*Id.*].

The record fails to demonstrate that Plaintiff's attempt to serve Defendant, through the delivery of documents to Ms. Minx at the Canon City address, meets the requirements of Rule 4(e).  Specifically, nothing in the record supports the conclusion that the Canon City address is Mr. Suschinsky's residence or "usual place of abode."  *Cf.* Fed. R. Civ. P. 4(e)(2)(B).  Indeed, the Canon City address is not the address identified in the Complaint, summons request, and summons issued by the Clerk of Court.  *Compare* [Doc. 2 at ¶ 6 ("Defendant, James Suschinsky, a Colorado citizen [sic] resides at 292 W Palomar Circle, Pueblo West, Colorado 81007.")], *and* [Doc. 8 at 1 (summons request addressed to Mr. Suschinsky at the Pueblo West address)], *and* [Doc. 9 at 1 (summons addressed to Mr. Suschinsky at the Pueblo West address)], *with* [Doc. 13 at 1 (proof of service indicating that process server left summons with Ms. Minx at the Canon City address, identified as

7

Defendant's purported "residence or usual place of abode"]. The record similarly lacks any evidence that the Canon City address constitutes Mr. Suschinsky's "usual workplace," *see* Colo. R. Civ. P. 4(e)(1), and there is nothing to suggest that Ms. Minx is an agent authorized to receive service of process on Mr. Suschinsky's behalf at that Canon City address, *see id.*; Fed. R. Civ. P. 4(e)(2)(C).

Without additional information, the Court cannot determine whether personal service of Ms. Minx at the Canon City address constituted effective service of Mr. Suschinsky. *See Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *3 (D. Colo. April 28, 2020) (finding service insufficient under Colo. R. Civ. P. 4(e)(1) where process server merely left summons and complaint with an individual located at defendant's place of business and nothing in the record suggested that the individual was an appropriate person to receive service on behalf of defendant); *Austin v. Robinson*, No. 22-cv-00823-RMR-MDB, 2023 WL 1069488, at *3–5 (D. Colo. Jan. 27, 2023) (finding service of defendant insufficient where process server left summons with individual other than defendant at address that did not appear to be defendant's dwelling, usual place of abode, or usual workplace), *report and recommendation adopted*, 2023 WL 2570244 (D. Colo. Feb. 16, 2023), *appeal dismissed*, No. 23-1080, 2023 WL 5960182 (10th Cir. Apr. 20, 2023).

Because Plaintiff has not shown that Mr. Suschinsky was properly served with a copy of the summons and Complaint, this Court cannot—without more—exercise personal jurisdiction over Defendant. *See Omni*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Accordingly, Plaintiff's Motion for Default

8

Judgment is respectfully **DENIED without prejudice**.  *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) (reversing district court's refusal to set aside a default judgment due to ineffective service of summons and complaint); *see also Pumphrey v. Wood*, 628 F. App'x 615, 616 (10th Cir. 2016) (affirming the denial of plaintiff's motion for default judgment for lack of service).

The Court also finds it appropriate to vacate the Clerk's Entry of Default because courts "may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), and "procedural deficiencies such as inadequate service . . . or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside," *Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2010 WL 11553397, at *2 (D. Colo. Oct. 28, 2010).  Thus, the Clerk's Entry of Default is **VACATED**.  *See Maes v. Bland*, No. 18-cv-00052-PAB-NYW, 2019 WL 4187528, at *3 (D. Colo. Sept. 3, 2019) (vacating entry of default pursuant to Fed. R. Civ. P. 55(a) because there was "no indication that [the defendant] was properly served").

### III.   Rule 8 Pleading Requirements

In addition, upon review of the Complaint, the Court sua sponte addresses Plaintiff's failure to satisfy the pleading requirements of Rule 8.  Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint must contain (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of any claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8." *Gravley v. Hunter*, No. 18-cv-00171-GPG, 2018 WL 10320585, at *1 (D. Colo. Apr. 6, 2018). The twin purposes of a pleading are to (1) give the opposing party fair notice of the basis for the claims against it so that it may respond, and (2) allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

Plaintiff's Complaint fails to comply with the requirements of Rule 8. Specifically, although the Complaint contains a general reference to a contract between the Parties and wrongful conduct on the part of Defendant, the Complaint does not include any supporting factual allegations. For example, the Complaint does not include supporting factual averments identifying any specific contract between the Parties, much less specific contractual terms, nor does the Complaint include any factual allegations describing the nature, timing, or extent of Defendant's alleged wrongful conduct. *See generally* [Doc. 2]. The Court cannot assume the existence of facts that are not alleged. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and[] what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Thus, insofar as the Complaint fails to assert any factual

allegations to support Plaintiff's claims, it fails to meet the requirements of Rule 8.  See *Staats v. Cobb*, No. 5:11-cv-00417-D, 2011 WL 9133921, at *1 (W.D. Okla. Apr. 26, 2011) ("A pleading must include facts sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests." (emphasis added)).

Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint that cures the deficiencies identified in this Order on or before **January 22, 2025**.  To comply with Rule 8, Plaintiff must provide a clear, concise statement of specific facts that supports each asserted claim.  **Plaintiff is expressly ADVISED that the failure to file an Amended Complaint by the Court-ordered deadline that cures the deficiencies identified in this Order may result in the Court dismissing this action without prejudice pursuant to Rule 8.**  See *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) ("If a complaint fails to meet the[] basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8.").  In addition, Plaintiff must properly provide—through formal service or other means allowable under the Federal Rules of Civil Procedure—a copy of the Amended Complaint to Defendant **no later than 14 days after its filing**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion for Entry of Default Judgment for a Sum Certain [Doc. 18] is **DENIED without prejudice**;

(2) The Clerk's Entry of Default [Doc. 16] is **VACATED**;

(3) Plaintiff shall **FILE** an Amended Complaint that cures the deficiencies identified in this Order on or before **January 22, 2025**;

11

(4) Plaintiff shall provide, through formal service or other means allowable under the Federal Rules of Civil Procedure, a copy of the Amended Complaint to Defendant **no later than 14 days after its filing**; and

(5) Plaintiff is **ADVISED** that the failure to file an Amended Complaint that cures the deficiencies identified in this Order by the Court-ordered deadline may result in the Court's sua sponte dismissal of this action pursuant to Rule 8 of the Federal Rules of Civil Procedure.

DATED: January 8, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge