IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01934-NYW-MDB

KENNETH SCHMIDT,

    Plaintiff,

v.

JAMES SUSCHINSKY, and,
DOES 1–10,

    Defendants.

## ORDER

    This matter is before the Court on the Motion for Entry of Default Judgment for a Sum Certain (the "Motion" or "Motion for Default Judgment") filed by Plaintiff Kenneth Schmidt ("Plaintiff" or "Mr. Schmidt"), [Doc. 31, filed May 15, 2025], wherein Mr. Schmidt seeks the entry of default judgment against Defendant James Suschinsky ("Defendant" or "Mr. Suschinsky"). Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is hereby **DENIED without prejudice**.

    On January 8, 2025, this Court denied without prejudice Mr. Schmidt's first Motion for Entry of Default Judgment for a Sum Certain. [Doc. 19]. In its denial Order, the Court found that Mr. Schmidt did not adequately establish service of process on Mr. Suschinsky and therefore failed to establish the Court's personal jurisdiction over Defendant. [*Id.* at 7–9]. The Court also noted that Mr. Schmidt's Complaint failed to comply with the requirements of Rule 8 because it did not contain any factual allegations supporting the

breach of contract claim. [*Id.* at 10–11]. The Court then vacated the Clerk's Entry of Default; ordered Mr. Schmidt to file an Amended Complaint that cured the deficiencies identified by the Court no later than January 22, 2025; and ordered Mr. Schmidt to properly serve Mr. Suschinsky with the Amended Complaint within 14 days of the filing of the Amended Complaint. [*Id.* at 11–12].

Mr. Schmidt, through counsel, timely filed a First Amended Complaint for Breach of Contract and Jury Demand ("Amended Complaint"), [Doc. 20, filed January 22, 2025], and effectuated service on Mr. Suschinsky, *see* [Doc. 28 (Proof of Service confirming personal service upon James Suschinsky ("Proof of Service")]. Based on the Proof of Service and Mr. Schmidt's allegations that Mr. Suschinsky is a citizen of the state of Colorado, *see* [Doc. 20 at ¶¶ 3, 6], the Court finds that Mr. Schmidt has now established the Court's personal jurisdiction over Mr. Suschinsky, *see*, *e.g.*, *Gentry v. Kostecki*, No. 20-cv-01284-WJM-STV, 2022 WL 168704, at *2 (D. Colo. Jan. 19, 2022) ("[T]he Court has personal jurisdiction over Defendant because Defendant resides in Colorado and has been served with a summons and complaint."). As previously found, the Court also has subject matter jurisdiction over this case. [Doc. 19 at 5].

The deadline for Mr. Suschinsky to file an answer or other response was April 1, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 12(b); [Doc. 28 (server personally served the summons and Amended Complaint on Mr. Suschinsky on March 11, 2025)]. No response was filed by Mr. Suschinsky, and no attorney entered an appearance on his behalf. On April 8, 2025, Plaintiff filed a Motion for Entry of Clerk's Default, [Doc. 29], and on April 25, 2025, the Clerk entered default, [Doc. 30].

The Court set out the legal standard on default judgment in its prior denial Order, *see* [Doc. 19 at 3–4], and does not repeat itself here.

I.    **Liability**

Following the Clerk's entry of default, "the Court must decide 'whether the unchallenged facts constitute a legitimate cause of action' such that a judgment should be entered." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1242 (D. Colo. 2015) (quotation omitted). Because Mr. Suschinsky has failed to respond to the Amended Complaint, the well-pleaded factual allegations of the Amended Complaint and any facts set forth in affidavits and exhibits are accepted as unchallenged. *Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012).

"But a party in default does not admit conclusions of law, only allegations of fact, and so the factual allegations must be enough to establish substantive liability." *Behav. Analyst Cert. Board, Inc. v. Solis*, No. 21-cv-02131-NYW-STV, 2022 WL 17736781, at *2 (D. Colo. Dec. 16, 2022) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)). "Although specific facts are not necessary in order to state a claim, . . . a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Cunningham v. Nationwide Ins. of Am.*, No. 21-cv-01335-PAB-MDB, 2022 WL 3920832, at *2 (D. Colo. Aug. 30, 2022) (quotations and brackets omitted).

At threshold, however, the Court is unable to determine whether judgment should be entered in this case because Mr. Schmidt has failed to sufficiently cure the deficiencies identified by the Court in its Order denying the original Motion for Default Judgment [Doc. 19] through his Amended Complaint. There are no factual allegations stating what the

3

Parties' respective obligations under the contract were; how Mr. Schmidt substantially performed; and how Defendant breached his obligations. *See generally* [Doc. 20]. Plaintiff does not even attach a copy of the written contract at issue for the Court to consider and assure itself that the contract is enforceable. Indeed, it is long and well-settled under both federal and Colorado law that courts will not enforce an illegal contract. *See, e.g.*, *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982); *McConnell v. Schultz*, 128 P. 876, 877–78 (Colo. App. 1912).

Furthermore, Plaintiff's Motion does not state for which claim(s) he is seeking default judgment. *See, e.g.*, *Herbert-Pereski v. Pam's Wings With Things, LLC*, No. 5:23-cv-04057-HLT-GEB, 2024 WL 5694552, at *1 (D. Kan. July 11, 2024) (denying a motion for default judgment because the motion did not indicate on which claims the plaintiff sought default judgment). The Amended Complaint states five claims for relief, including fraud and conversion, [Doc. 20], and the caption of the docket entry associated with the instant Motion refers to a "Second MOTION for Default Judgment as to *breach of contract*," [Doc. 31]. Yet the Motion itself contains no reference to any particular claim. The Court pointed out this same issue with respect to Plaintiff's first Motion for Entry of Default Judgment for a Sum Certain, *see* [Doc. 19 at 4 n.1], but Plaintiff did not correct it.

Plaintiff's Motion also does not include references to the elements of any claim, any legal authority, or sufficient well-pleaded facts to support default judgment. There is no identification of the substantive law under which the common law state claims arise, e.g., California or Colorado. There is only one conclusory statement regarding liability, where Plaintiff states that "Defendant is indebted to Plaintiff in the principal amount of $102,000.00 due July 2, 2020 . . . ." *See* [Doc. 31 at ¶ 10]. But even there, Plaintiff does

4

not explain how he reached this conclusion or the theory of liability or alleged facts that support this conclusion.

There is simply insufficient information on the current record for the Court to determine whether there is a proper cause of action, let alone a basis for entry of judgment. Since the inception of this action, Mr. Schmidt has proceeded through counsel and therefore is not entitled to liberal construction of his filings. To the extent that Plaintiff seeks to further amend his operative pleading to state a cognizable claim, he must seek such relief through a formal motion with a proposed Second Amended Complaint attached for consideration.

## II.     Damages

Even if the Court could find that Plaintiff had established liability, Plaintiff fails to submit sufficient evidence to support the damages he seeks.

"While the Court accepts the well-pleaded facts of the complaint as true on a motion for default judgment, allegations relating to the amount of damages are generally not accepted as true." *Cunningham*, 2022 WL 3920832, at *5; *Mile High Rodbusters*, 82 F. Supp. 3d at 1243; *see also K.N.J., Inc. v. Ames-Granite*, No. 15-cv-02009-PAB-KMT, 2017 WL 1133431, at *2 (D. Colo. Mar. 27, 2017) ("The Court cannot just accept [third party plaintiff's] statement of the damages." (quotation omitted)). "[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

Indeed, default judgment cannot be entered until the amount of damages has been ascertained, and such damages must be supported by "[a]ctual proof." *Mrs. Condies*

5

*Salad*, 858 F. Supp. 2d at 1219–20.  Actual proof includes "detailed affidavits or documentary evidence."  See *K.N.J.*, 2017 WL 1133431, at *2 (quoting *Seme v. E&H Prof'l Sec. Co.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010)); see also *Jackson v. AML Constr. & Design Grp.*, No. 16-cv-01847-PAB-MEH, 2017 WL 2812823, at *2 (D. Colo. June 29, 2017) ("[T]he Court cannot accept conclusory statements as to damages.").  "This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence."  *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1075 (D. Colo. 2015) (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)).

In cases where the plaintiff moves for default damages related to a breach of contract claim, the plaintiff typically attaches a copy of the contract at issue to support its damages calculation.  See, e.g., *Am. Tower Mgmt., LLC v. TPT Speedconnect LLC*, No. 23-cv-01336-CNS-JPO, 2024 WL 2939164, at *4 (D. Colo. June 11, 2024) (agreeing with the calculation of damages in a default judgment motion after "[h]aving reviewed the contract and the bases upon which [the declarant] calculated unpaid rents and license fees"); *IMM, LLC v. Plankk Techs. Inc.*, No. 19-cv-02629-CMA, 2020 WL 902320, at *4 (D. Colo. Feb. 25, 2020) (granting default judgment where plaintiff provided the court with relevant service agreement, invoices with outstanding balances, and details of attorneys' fees and costs); *Const. Equip. Rents, Inc. v. Watts Constructors*, LLC, No. 12-cv-01291-WJM-BNB, 2013 WL 673733, at *2 (D. Colo. Feb. 22, 2013) (entering default judgment for the amount requested by the plaintiff because it had submitted the leasing contract and unpaid invoices at issue, among other evidence).

Here, Plaintiff seeks a sum certain of "$102,000.00 plus interest at 8% per annum and the costs of this action," [Doc. 31 at 3], but does not provide the contract upon which this amount appears to be based—or any other sufficient documentation. The only proof that Plaintiff attaches in support of its Motion is an affidavit by his attorney, *see generally* [Doc. 31-1], which just restates the paragraphs in the Motion and does not cite to any evidence, including but not limited to any affidavit from Plaintiff. As with the Motion, the affidavit includes a sole conclusory statement related to liability and damages: "In accordance with the contract entered into by the Defendant, Defendant is indebted to Plaintiff in the principal amount of $102,000, plus interest at 8% per annum from July 2, 2020." See [*id.* at ¶ 11].

This statement by Plaintiff's attorney, who does not claim to have personal knowledge of Plaintiff's payment to Defendant or Defendant's lack of payment to Plaintiff, is too vague for the Court to determine a sum certain amount owed by Defendant and, more importantly, is unsupported by any evidence. *See, e.g.*, *Zayo Grp., LLC v. 6X7 Networks, LLC*, No. 22-cv-00414-NYW-KAS, 2023 WL 10352024, at *2 (D. Colo. Aug. 15, 2023) (holding that "there remains insufficient actual proof regarding the amount of damages at issue" where the declarations filed in support of the motion for default judgment contain conclusory statements and "no information from which this Court can glean a sum certain amount owed by Defendant"); *Alder Holdings, LLC v. Titanium, LLC*, No. 2:20-cv-00783-DBB-CMR, 2023 WL 6391154, at *1 (D. Utah Oct. 2, 2023) (denying motion for default judgment on a breach of contract claim where the plaintiff failed to attach a copy of the contract and sufficient evidence of the event which triggered the contractual provision that was breached); *Herbert-Pereski*, 2024 WL 5694552, at *2

7

(finding that the plaintiff failed to support the requested damages for back pay where the motion for default judgment stated the amount of back pay that the plaintiff was owed but there was "nothing on the record to factually support th[e] request"). Without any additional evidence or affidavits to support Plaintiff's Motion, there is insufficient actual proof for the Court to ascertain the amount of damage at issue.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion for Entry of Default Judgment for a Sum Certain [Doc. 31] is respectfully **DENIED without prejudice**;

(2) The Clerk's Entry of Default entered on April 25, 2025 is **VACATED**;

(3) Any motion to amend the operative pleading to cure the deficiencies identified in this Order must be filed by **January 9, 2026. Failure to file such a motion to amend by January 9, 2026 may lead to dismissal of this action without prejudice without further notice by the Court**; and

(4) A copy of this Order shall be sent to:

> James Suschinsky
> 760 Chris Ct
> Canon City, CO 81212

DATED: December 11, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

8